**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria S. Erasun,<br><br>                Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>                Defendant. | No. CV-20-08297-PCT-DWL<br><br>**ORDER** |

At issue is the denial of Plaintiff Maria Erasun's application for disability insurance and other benefits by the Social Security Administration ("SSA") under the Social Security Act. Plaintiff filed a complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 20, "Pl. Br."), Defendant SSA Commissioner's Response Brief (Doc. 25, "Def. Br."), and Plaintiff's Reply (Doc. 32, "Reply"). The Court has reviewed the briefs and Administrative Record (Docs. 14-1 through 14-13, "R.") and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 13-21) as upheld by the Appeals Council (*id.* at 1).

I.   **Background**

Plaintiff filed her application for benefits on September 25, 2017, alleging disability beginning on July 25, 2016. (R. 13.) Plaintiff's claim was denied initially on April 10, 2018, and upon reconsideration on July 20, 2018. (*Id.*) On February 20, 2020, Plaintiff appeared before the ALJ for a video hearing on her claim, and on April 29, 2020, the ALJ denied Plaintiff's claim. (*Id.* at 10, 13.) The Appeals Council later denied Plaintiff's

request for review. (*Id.* at 1.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: cervical spondylosis, lumbar spondylosis, diabetes mellitus, peripheral vascular disease, diabetic neuropathy, bilateral carpal tunnel syndrome, status post release surgery and post trigger thumb release, and obesity. (*Id.* at 16.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from July 25, 2016 through the date of the decision. (*Id.* at 21.) The ALJ found that Plaintiff does "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.* at 16.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant could stand and walk for 6 hours in an 8 hour day, and sit for 6 hours in an 8 hour day. The claimant can frequently push and pull with the right upper extremity. The claimant can frequently kneel, crouch, climb ramps, and climb stairs. The claimant could never climb ladders or scaffolds. The claimant could occasionally balance, stoop, and crawl. The claimant can frequently reach, handle, finger and feel with the right upper extremity. The claimant must avoid all exposure to hazards.

(*Id.* at 16.) Accordingly, the ALJ found that Plaintiff is "capable of performing past relevant work as a receptionist and administrative clerk." (*Id.* at 20.)

II.  **Legal Standard**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a

reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

III. **Analysis**

Plaintiff's opening brief raises two arguments. First, Plaintiff argues the ALJ erred by rejecting nurse practitioner ("NP") Laurel Hatfield's assessment of her limitations. (Pl. Br. at 13-20.) Second, Plaintiff argues the ALJ erred by rejecting her symptom testimony. (*Id.* at 21-29.)

A.     The ALJ Did Not Err When Evaluating The Opinion Of NP Hatfield

1.     **2017 Regulations**

In early 2017, the SSA amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The amended regulations apply to claims filed on or after March 27, 2017. *Id.* The parties agree that Plaintiff filed her application after the effective date. (Pl. Br. at 13 n.6, Def. Br. at 12-13 n.7.) They disagree, however, about how (if at all) the new regulations change the Court's analysis.

Under the old regulations, "[t]he law in the Ninth Circuit [was] that, although the ALJ must consider all medical opinion evidence, there is a hierarchy among the sources of medical opinions. Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians." *Latahotchee v. Comm'r of Soc. Sec. Admin.*, 2021 WL 267909, *4 (D. Ariz. 2021) (cleaned up). Based on this hierarchy, the Ninth Circuit consistently ruled that an ALJ may only reject a treating physician's opinion by making "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *See, e.g.*, *Magallens v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* §404.1520c(b)(2), (c).

Plaintiff acknowledges that the 2017 regulations "rescind the regulatory 'treating physician rule,' that previously gave deference to opinions from claimant's treating

physicians." (Pl. Br. at 14.) Plaintiff contends, however, that the Ninth Circuit's "common law" hierarchy is "arguably unchanged [and] treating physicians' medical opinions may still be entitled to deference." (*Id.* at 14 n.7.)

The Court disagrees for the reasons stated in its earlier decisions in *Pennock v. Comm'r of Soc. Sec. Admin.*, 2020 WL 6796768, *3 (D. Ariz. 2020) (citing *Schisler v. Sullivan*, 3 F.3d 563 (2d Cir. 1993)), and *Toback v. Comm'r of Soc. Sec. Admin.*, 2022 WL 60548, *2 (D. Ariz. 2022) ("The new regulations eliminate the previous hierarchy of medical opinions."). Although the Ninth Circuit has not yet weighed in on this issue, many other district courts have reached the same conclusion. *See, e.g.*, *Stipkovich v. Comm'r of Soc. Sec. Admin.*, 2021 WL 467189, *10 (N.D. Ohio 2021) ("[T]o the extent Stipkovich argues . . . that the 'treating physician rule' still survives despite the new regulation eliminating that rule, such an argument fails. . . . [T]hat argument has been rejected by other courts, and the undersigned finds their reasoning persuasive.") (citing *Pennock* and *Schisler*); *Jones v. Saul*, 2021 WL 620475, *6-9 (E.D. Cal. 2021) (holding that the new regulations are "valid and entitled to deference," "not contrary to the statute," and "displace[] contrary pre-existing caselaw") (capitalization omitted).

Nevertheless, even under the amended regulations, the ALJ's findings must still "continue to satisfy metrics of both articulation and validity to survive review." *Shelley D. v. Kijakazi*, 2021 WL 4443322, *7 (D. Idaho 2021). Thus, an ALJ must "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 404.1520c(b)(2). That explanation must still be supported by substantial evidence. 42 U.S.C. § 405(g) ("[F]indings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

2. **The ALJ's Evaluation Of NP Hatfield's Opinions**

NP Hatfield is Plaintiff's treating nurse practitioner. On July 11, 2018, NP Hatfield diagnosed Plaintiff with neuropathy, carpal tunnel syndrome with multiple surgical interventions, type-two diabetes mellitus, and left-sided low back pain with sciatica. (R. 1075.) NP Hatfield opined that Plaintiff's numbness in the bilateral lower extremities

would prevent her from standing for longer than thirty minutes at a time[1] and that Plaintiff's bilateral upper and lower extremity neuropathies would impair her from climbing heights, moving machinery, or sensing temperatures. (R. 1075, 1077.) NP Hatfield also opined that Plaintiff's "moderately severe" pain would "constantly" cause deficiencies of concentration, persistence, or pace, which would result in a failure to complete tasks in a timely manner. (*Id.* at 1078-79.)

The ALJ found that NP Hatfield's opinion was not persuasive "because [it is] not consistent with or supported by the medical evidence" and cited four exhibits to support this conclusion. (*Id.* at 19.) The identification of the four exhibits was preceded with the phrase "For example." (*Id.*)

Plaintiff challenges the sufficiency of the ALJ's explanation for deeming NP Hatfield's opinion unpersuasive. Most of Plaintiff's discussion consists of arguing why the cited exhibits actually support, or are consistent with, NP Hatfield's opinion. (Pl. Br. at 15-21.) Plaintiff also notes that the ALJ found the opinions offered by several other medical sources to be persuasive and suggests the ALJ's evaluation of those opinions was flawed. (*Id.* at 18-20.)

In response, the Commissioner accuses Plaintiff of applying the pre-2017 standard of review and asks the Court to apply a more deferential standard in light of the revised regulations. (Def. Br. at 21.) The Commissioner also addresses the ALJ's cited evidence and contends that each item detracts from, or is inconsistent with, NP Hatfield's opinion. (*Id.* at 22-24.)

In reply, Plaintiff characterizes the Commissioner's arguments as "post hoc rationale" and reasserts that the ALJ's cited exhibits do not clearly detract from NP Hatfield's proposed limitations. (Reply at 8-9.)[2]

---

[1] Plaintiff describes the proposed limitation in some places as being no more than "1 hour thirty minutes" (Pl. Br. at 16) and in others as no more "than thirty minutes" (Pl. Br. at 11; Reply at 9). The Commissioner seems to view NP Hatfield's report as a limitation to no more than thirty minutes of standing or walking. (Def. Br. at 22.) The Court has reviewed the evidence and notes that NP Hatfield's report clearly states, "sustained standing for greater than thirty minutes exacerbates neuropathy." (R. 1075.)

[2] In her reply brief, Plaintiff contends that her opening brief raises three assignments

- 6 -

Applying the 2017 regulations, the Court finds no error. The ALJ determined that NP Hatfield's opinion was not persuasive because it was not consistent with or supported by the medical evidence. (R. 19.) The ALJ "thus addressed the two key factors identified in the 2017 regulations." *Jones*, 2021 WL 620475 at *10.

The ALJ's conclusion was also supported by substantial evidence. In support of his conclusion, the ALJ cited Exhibits 21F at 5 (R. 1048); 34F at 6 (*id.* at 1260); 27F at 55 (*id.* at 1168); and 2F at 57 (*id.* at 1170). Exhibit 21F at 5 (*id.* at 1048), in particular, provides substantial evidence that NP Hatfield's opinion was not consistent with or supported by medical evidence. There, NP Hatfield herself reported that Plaintiff had a "normal" gait. (*Id.*) Plaintiff argues that such an observation "during a time-limited appointment" is not at odds with NP Hatfield's proposed limitations. (Pl. Br. at 16.) The Court disagrees (or, at least, finds that the ALJ could have rationally disagreed). Plaintiff's point might be more persuasive if NP Hatfield had limited Plaintiff to, for instance, no more than four hours of walking. It is entirely plausible that a plaintiff who cannot walk for four continuous hours could nevertheless appear to walk normally during a brief clinical observation. But it was rational for the ALJ to find inconsistency between NP Hatfield's description of Plaintiff's gait (*i.e.*, manner of walking) as being entirely normal when NP Hatfield stated in her

---

of error: "The ALJ erred by (1) referring to the opinions of the examining physician assistant and state agency reviewing physicians without providing any discussion as to the supportability and consistency of those opinions compared to evidence in this record; (2) rejecting the assessment of NP Hatfield in the absence of sufficient reasons supported by a holistic view of substantial evidence in this record; and (3) rejecting Erasun's symptom testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in this record as a whole." (Reply at 3-4.) This constitutes an improper attempt to expand the scope of this appeal. In the "STATEMENT OF THE ISSUES" appearing at the beginning of her opening brief, Plaintiff clearly states that she is only raising two arguments on appeal: first, a challenge to the ALJ's evaluation of NP Hatfield's opinion; and second, a challenge to the ALJ's evaluation of her symptom testimony. (Pl. Br. at 1.) This precludes Plaintiff from seeking reversal on other grounds, such as a challenge to the ALJ's evaluation of the opinions of the examining physician assistant and state agency reviewing physicians. *Lewis*, 236 F.3d at 517 n.13. *See also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). This is true even though Plaintiff made a passing reference to the alleged error in the portion of her opening brief challenging the ALJ's evaluation of NP Hatfield's opinion. (Pl. Br. at 18-20.) That discussion, after all, appeared in the section of the opening brief entitled "The ALJ committed materially harmful error by rejecting the assessments from NP Hatfield in the absence of specific and legitimate reasons based on substantial evidence in the record as a whole." (*Id.* at 13.)

challenged opinion that Plaintiff's lower extremity numbness was so severe she cannot stand or walk for more than 30 minutes.

Moreover, assessments of normal gait were made throughout the record. (R. 417, 423, 474, 480, 485, 803-04, 807, 816, 863, 1008, 1047-50, 1052, 1055, 1200, 1202, 1254, 1259, 1269, 1279, 1326, 1335, 1435, 1454, 1461, 1465.) Plaintiff describes this as *post hoc* rationale because the ALJ did not cite those exhibits. (Reply at 8.) The Court disagrees because the ALJ described the June 2018 report as an *example* of an already-stated rationale (that the cited evidence was inconsistent with NP Hatfield's proposed limitations). (R. 19 ["For example, in June 2018 . . . ."].) This example was persuasively chosen, as the Ninth Circuit has—under the pre-2017 regulations—remarked that internal inconsistency between a physician's own notes and opinions is a clear and convincing reason to reject the opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The Commissioner's citation to other findings of normal gait only serves to confirm that the ALJ did not cherry-pick the evidence.

Although Plaintiff identifies various reasons why a different factfinder might have been able to reconcile this evidence with NP Hatfield's opinion, the ALJ's finding of inconsistency was rational and, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954.

B. The ALJ Did Not Err When Discrediting Plaintiff's Symptom Testimony

Plaintiff reported in her "Exertional Daily Activities Questionnaire" that she was unable to type, stand, or sit for long periods or use the computer for extended periods (R. 316) and testified that she suffered from neck pain, back pain, arm pain, hand pain, leg pain and numbness, diabetes mellitus and related complications, and peripheral vascular disease. (R. 17-18 [ALJ's summary]; *id.* at 38-51 [Plaintiff's testimony].)

The ALJ discredited Plaintiff's testimony on the general ground that Plaintiff's statements about her symptoms were inconsistent with the overall record before specifically addressing each alleged symptom and explaining why each set of allegations

was belied by the record. (*Id.* at 17-19.)

Plaintiff argues that the ALJ's proffered reasons for discrediting her symptom testimony were legally insufficient. (Pl. Br. at 21-26.) First, Plaintiff argues that the ALJ "relied on a requirement that does not exist" by stating that the severity of Plaintiff's symptoms could not be supported by the record. (*Id.* at 23.) Second, Plaintiff asserts that the ALJ "provided a discussion of the medical record, but failed to tie-in his characterization of the medical record with any specific symptom testimony." (*Id.* at 24.) Third, Plaintiff argues that her putative improvement after surgery should not be construed as contradicting her claims of pain and numbness. (*Id.* at 25.) Fourth, Plaintiff asserts that the ALJ erroneously discounted her testimony based on the ALJ's belief that her unemployment was not a direct result of her impairments. (*Id.*)

The Commissioner responds, first, that the ALJ properly compared Plaintiff's allegations to the objective medical evidence and found contradictions. (Def. Br. at 26.) Second, the Commissioner argues that the ALJ properly noted that Plaintiff had undergone successful surgeries and that conservative treatments had provided symptom relief. (*Id.* at 27.) Third, the Commissioner asserts that the ALJ properly found that Plaintiff's daily activities contradicted her symptom testimony. (*Id.*)

Plaintiff replies by asserting that the Commissioner did not make any attempt to defend (1) the ALJ's failure to connect her symptom testimony to the ALJ's proffered reasons for disbelieving that testimony, or (2) the ALJ's failure to apply the appropriate standards of review. (Reply at 9-10.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her

symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015.

Applying these standards, the Court finds no error. The ALJ explicitly connected Plaintiff's alleged symptoms to evidence that could be rationally construed as contradicting Plaintiff's testimony. (R. 17-18.)

For example, the ALJ noted that Plaintiff reported "numbness and tingling in both feet" at a November 2019 appointment. (*Id.* at 18 [citing R. 1261].) But the ALJ also noted that, during January 2020 (*id.* at 1267) and September 2019 (*id.* at 1334) appointments, Plaintiff denied numbness, tingling, and weakness. Such inconsistency is a valid reason for an ALJ to discount symptom testimony, *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006), and the statements cited by the ALJ are substantial evidence to support his reasoning.

The ALJ also noted that in July 2019 Plaintiff "complained of nerve pain and sensitivity in her feet." (R. 18 [referring to R. 1179].) However, the "exam showed she was neurologically intact, there was an *absence* of sensation in her feet, but there were no[] lesions or wounds, no tenderness and her strength was normal." (*Id.* [emphasis added].) Inconsistency between a plaintiff's symptom testimony and the objective medical evidence is a valid reason[3] for an ALJ to discount that testimony, *Magnotti v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4025959, *4 (D. Ariz. 2021), and the medical evidence cited by the ALJ is substantial evidence to support his reasoning.

Again, although Plaintiff identifies various reasons why a different factfinder might have been able to reconcile this evidence with her symptom testimony, the ALJ's finding of inconsistency was rational and, "[w]here the evidence is susceptible to more than one

---

[3] Inconsistency with the objective medical evidence may not be an ALJ's *sole* basis for discounting symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). To be clear, the Court explicitly finds that inconsistency with the objective medical evidence was *not* the ALJ's sole basis for discounting Plaintiff's testimony about foot pain, as discussed above.

- 10 -

rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954. Additionally, Plaintiff's contention that the ALJ "did not identify any specific symptoms that the ALJ thought were not credible" is simply untrue—for example, the ALJ specifically identified Plaintiff's reports of "numbness and tingling" (R. 18) as symptom testimony that was contradicted by medical evidence.

Given these conclusions, it is unnecessary to resolve whether the ALJ's additional proffered reasons for discounting Plaintiff's symptom testimony were specific, clear and convincing, and supported by substantial evidence. Even if not, substantial evidence supports the ALJ's ultimate conclusion. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("So long as there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate [credibility] conclusion, such is deemed harmless and does not warrant reversal.") (alterations in original) (internal quotation marks omitted). *See also Magnotti*, 2021 WL 4025959 at *4.

Accordingly,

**IT IS ORDERED** affirming the decision of the Administrative Law Judge (R. at 13-21). The Clerk shall enter judgment accordingly and close this case.

Dated this 3rd day of March, 2022.

Dominic W. Lanza
United States District Judge

- 11 -